FILED
SUPERIOR COURT
OF GUAM

2021 APR 28 PM 3: 43

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>v.<br><br>MARCELO VICENTE MENDIOLA,<br>DOB: 01/01/1983<br><br>Defendant. | Criminal Case No. CF0219-19<br>GPD Report Nos. 18-27082 / 19-06111 /<br>19-07947<br><br>DECISION AND ORDER<br>GRANTING THE PEOPLE'S<br>REQUEST FOR RESTITUTION |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 8, 2021 for a Restitution Hearing. Assistant Attorney General Steven J. Haderlie represents the People of Guam ("the People") and Assistant Public Defender William Benjamin Jones represents Marcelo Vicente Mendiola ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** the People's request for restitution.

## BACKGROUND

In April 2019, Defendant was arrested and charged with Forgery (as a 3rd Degree Felony), Identity Theft (as a 3rd Degree Felony), and *Three Counts* of Theft (as a Misdemeanor). Indictment (Apr. 22, 2019). Defendant was accused of taking a purse belonging to Martha Duenas and improperly cashing a series of checks made in the name of Martha Duenas or Pedro Cruz (collectively "the Victims"). Magistrate's Complaint (Apr. 11, 2019).

On September 10, 2019, Defendant pled guilty to *One Count* of Theft (as a Misdemeanor). Min. Entry (Sep. 10, 2019). As part of his plea agreement, Defendant agreed to pay full restitution

Decision and Order Granting The People's Request for Restitution
CF0219-19, *People of Guam v. Marcelo Mendiola*
Page 1 of 4

to the Victims, in an amount to be determined by the Court at a restitution hearing. Judgment of Conviction (Plea Agreement) (Oct. 24, 2019).

On January 30, 2020, the People submitted their Summary Report Regarding Restitution ("Summary Report"). Summary Report (Jan. 30, 2020). The Summary Report contained a request for $1,278.54 concerning charges made to the Victim's First Premier Bank credit card account. Id. Defendant originally did not oppose this amount. Defendant Marcelo Vicente Mendiola's Non-Opposition to Restitution (Feb. 5, 2021).

However, an Amended Submission of Summary Report Regarding Restitution ("Amended Summary Report") was filed on February 10, 2021. Amended Summary Report (Feb. 10, 2021). The requested restitution concerning the First Premier Bank credit balance had grown to, on August 5, 2020, $1,423.20 due to additional interest and late fees. Exhibit 2. The Victims also requested an additional $500 reimbursement for a First Hawaiian Bank check dated February 24, 2019 paid to the order of Defendant. Exhibit 1.

Defendant now objects to this requested restitution, claiming the First Premier Bank credit card losses stem from conduct outside which Defendant pled guilty to. Defendant Marcelo Vicente Mendiola's Objection to the Amended Submission of Summary Report (Re: Restitution) and Withdrawal of Prior Non-Opposition at 5 (Feb. 26, 2021).

The Court held a Restitution Hearing on April 8, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

Restitution is proper when the losses are the direct result of the Defendant's actions. *U.S. v. Tyler*, 767 F.2d 1350, 1351 (9th Cir. 1985). Normally, restitution will be capped at $1,000 if the conviction is a misdemeanor (such as here). 9 G.C.A. § 80.50(c). However, the Court may "order a higher amount equal to the loss of the victim or gain to the offender if the judge makes a finding as to that amount." *People v. Mallo*, 2008 Guam 23, ¶ 43. Any such finding concerning the Victim's loss must be shown by a preponderance of the evidence. *People v. Faisao*, 2018 Guam 26, ¶ 13.

Decision and Order Granting The People's Request for Restitution
CF0219-19, *People of Guam v. Marcelo Mendiola*
Page 2 of 4

The People have shown by a preponderance of the evidence that the Victims in this case have lost more than $1,000 as a direct result of the Defendant's criminal actions.

Ms. Duenas testified that the First Premier Bank credit card was the same card used in this theft, and that neither she nor her husband were responsible for the purchases. Court Recording ("CR") at 3:01:30 (Apr. 8, 2021). The First Premier Bank invoice also shows a balance of $1,423.20. Exhibit 2. While Defendant may not have spent that much while committing the theft, the Victims were subject to roughly $400 in interest and late fees due to Defendant's conduct. Id. Restitution should include any interest or late fees stemming from Defendant's conduct because this amount contributed to the Victims' losses. While Defendant claims he did not partake in the First Premier Bank credit fraud, he already once agreed not to oppose a restitution claim concerning that very same credit account. See Defendant Marcelo Vicente Mendiola's Non-Opposition to Restitution (Feb. 5, 2021). This, combined with Ms. Duenas's testimony that the Victims did not use this card, sufficiently prove by a preponderance of the evidence that this loss stemmed from Defendant's criminal conduct.

Ms. Duenas also testified that $500 was improperly withdrawn from her account via a First Hawaiian Bank check. "CR" at 2:53:45 (Apr. 8, 2021). This check was made payable to the Defendant's name. Exhibit 1. These two facts combine to form a preponderance of the evidence that Ms. Duenas lost $500 stemming from Defendant's criminal conduct concerning her First Hawaiian Bank checkbook.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the People's request for restitution. Defendant shall pay restitution to the Victims in the amount of at least $1,923.20 minus any amount he has already paid. This amount covers both the $500 First Hawaiian Bank check and the $1,423.20 First Premier Bank credit balance. Defendant shall also be responsible for paying any additional late fees or interest that the First Premier Bank account has accumulated since August 5, 2020.

**IT IS SO ORDERED** this April 28,2021 nunc pro tunc to April 8, 2021.

Decision and Order Granting The People's Request for Restitution
CF0219-19, *People of Guam v. Marcelo Mendiola*
Page 3 of 4



HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG; PDSC

Date: 4/28/21   Time: 4:00
@

Deputy Clerk, Superior Court of Guam

Decision and Order Granting The People's Request for Restitution
CF0219-19, *People of Guam v. Marcelo Mendiola*
Page **4** of **4**